United States v. Deligne.

# UNITED STATES
*v.*
# OSCAR DELIGNE.

San Juan, Criminal, No. 571.

STAY OF EXECUTION FOR FINE.

**Stay of Execution.**
       The court will stay an execution for the collection of a fine for
    such time as will enable the prisoner to make good his application
    to the President for pardon.

Opinion filed January 24, 1916.

*Messrs. Jos. Anderson, Jr.,* and *Damian Monserrat* for petitioner.

*Mr. M. M. Martin,* United States District Attorney, for United States.

HAMILTON, Judge, delivered the following opinion:

In this case the jury recommended mercy, and the physical condition of the defendant was such that it seemed to the court, although there was no question of the guilt of the defendant, doubtful from physical inspection and certificates of physicians whether he would live very long if confined in the penitentiary. The court imposed a fine of $500 and imprisonment for three months.

United States v. Deligne.

1. It is not at all clear what should be the action of the court in such cases. The government is a unit, although divided into different departments; and it is a serious question whether it is not the duty of the court to impose whatever may seem to be a full sentence and let the responsibility for medical attention rest with the penitentiary authorities. The court is unwilling to assume that they will not do their duty. Nevertheless, on account of the divided nature of the responsibility in that Federal prisoners are confined in the Insular penitentiary, while the Federal government has no direct control over its management, it seemed best to the court to adopt the middle course, and impose as light a sentence as would at all befit the nature of the crime of which the man stood convicted.

2. It now appears that, although the defendant's friends expressly thanked the court for what was done, they have gone further and applied to the President of the United States for a full pardon. In permitting this the defendant is acting within his rights, and it is not to be criticized. There seems to exist, lately however, a curious state of mind as to Federal punishments, and possibly as to all punishments in Porto Rico. Whether a man is convicted by a jury or pleads guilty, he seems quite generally to apply immediately to the President, with whom under the Constitution lies the pardoning power. It is not at all within the control or influence of the trial court. There is no doubt that this is a wise provision.

In connection with this application for pardon comes this petition to the court to stay the execution under which the defendant's home at Mayaguez, already subject, apparently, to another attachment, is to be sold to-morrow. If it were a matter within the control of the court, it is very likely that nothing

United States v. Deligne.

would or should be done upon this application, inasmuch as the court has exhausted what it conceives to be its duty and its power under the circumstances. The present petition, however, is in aid of the exercise of the President's right of pardon. How he will exercise it is not for the court to consider, but it would seem that the court should not take any action which will hamper him in its exercise if he should choose to pardon the prisoner. The conclusion reached, therefore, is that the execution should be stayed for such time as will enable the prisoner to make good his application to the President for pardon. There may already have been sufficient time, but under all the circumstances the court will direct a stay of execution for thirty days. This will give time enough for mail or personal application to the President and full consideration of it, even if nothing has been done heretofore. By making this order, however, the court deems it has exhausted its duty in the premises.

It is ordered that the execution be stayed for thirty days, and that any incidental expenses shall be paid by or for the prisoner according to offer made for him in open court.